(8 Misc. Rep. 251.)

SWEETSER v. METROPOLITAN LIFE INS. CO.

(Common Pleas of New York City and County, General Term.  May 7, 1894.)

INSURANCE—CONDITION OF POLICY—LIMITATION OF ACTIONS.

A condition in a policy that no suit shall be brought after six months from the death of insured, and that all statutes of limitation to the contrary are expressly waived, is valid, unless the insurer prevents suit from being brought within the time designated.

Appeal from first district court.

Action by John O. Sweetser against the Metropolitan Life Insurance Company on a policy of life insurance.  A judgment in favor of plaintiff was rendered by a justice without a jury, and defendant appeals.  Reversed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

C. N. Bovee and J. McG. Goodale, for appellant.

Thomas Bracken, for respondent.

BISCHOFF, J.  The defendant appeals from a judgment rendered in favor of the plaintiff in an action upon a policy of insurance brought by such plaintiff as assignee of the beneficiary therein named.  Several defenses were set up in the court below, as appears from the record; and their availability upon the evidence was tested by appellant by motion for a dismissal of the complaint upon the ground, among others, of each defense, severally, as set forth. The motions were made when plaintiff rested, and were renewed at the close of the case.  Examination of the record leads to the conclusion that the justice's refusal to dismiss the complaint upon the ground which we proceed to note was error, and the appeal must prevail.  In the policy sued upon the following condition appears:

"Eighth.  *  *  *  No suit shall be brought, nor any action commenced, against said company, under this policy, until ten days shall have expired after the filing of proof of death upon all the forms prescribed by the company in its home office, nor after six months from the date of death of the insured; it being understood and agreed that, if any suit or action be commenced after said six months, the lapse of time shall be taken to be conclusive evidence against any claim, the provisions of any and all statutes of limitation to the contrary being hereby expressly waived."

The evidence established the fact that the insured died in the month of January, 1890, and from the record it appears that the action was commenced in the month of December, 1893.  The above condition was pleaded in defense, and the motion for a dismissal was made and renewed upon the ground that the agreed limitation had run.  Such a limitation is binding upon the parties to the contract, unless "the obligee himself be the cause that the obligation cannot be performed" (Wilkinson v. Insurance Co., 72 N. Y. 500), or a waiver of the condition be shown.  Neither of these elements had existence in the case, so far as appears.  It was sought to be shown by the evidence that the defendant delayed furnishing blanks for proof of death after a call therefor had been made by plaintiff; but it unquestionably appears that this call was first made by him no earlier than September, 1892, the limitation prescribed by the

contract having long run at that time. Moreover, the evidence establishes the fact that blank proofs of death were furnished by defendant to plaintiff's assignor within a few days after the death of the insured, and these proofs appear to have been filed at that time. The record is barren of evidence tending to show that any acts of the defendant hindered the proper institution of legal proceedings within the terms of the contract. While there appears to be some dispute on plaintiff's part as to the authenticity of statements appearing in the proofs as filed, this question would merely have presented an issue to be litigated in season, upon the company's refusal to make payment under the policy, and in no way affects the limitation of time in which the action was to be brought. No claim is made that the condition in question was waived by defendant, the evidence affirmatively showing that an attitude consistent with the terms of such condition was uniformly maintained by the company. The judgment must be reversed, with costs.